James C. Worthen, Esq. (Atty. No. 6-3973)
Kenneth H. Lyman, Esq. (Admitted *Pro Hac Vice*)
HALL & EVANS, LLC
152 N. Durbin Street, Suite 404
Casper, WY  82601
Worthen:   (307) 277-8917
Lyman:     (303) 628-3396
Facsimile: (307) 514-2568
worthenj@hallevans.com
lymank@hallevans.com
**ATTORNEYS FOR DEFENDANTS**

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | | |
|---|---|---|
| WESLEY DALE VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case Number: 16-CV-270-J |
| | ) | |
| KEVIN HAMPLEMAN, TIM MCCREARY, | ) | |
| MICHAEL MCGINTY and AVA NELSON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant, Ava Nelson (hereafter, "Defendant"), by and through her attorneys, Hall & Evans, LLC, offers the following proposed jury instructions (with Authority):

1. General Instructions Before Opening Statement – 1.02

2. Written Notes Permitted – 1.02B

3. Direct and Circumstantial Evidence – 1.02C

4. Expert Testimony – 1.02D

5. Opinion Testimony by Lay Witness – 1.02E

6. Jurors not to Consider Insurance – 1.02F

7. Written Questions Permitted – 1.02G

8. General Instructions before Final Argument – 1.03

9. Duty as a Juror – 1.04

10. Preponderance of the Evidence – Definition – 2.03

11. Injury does not Constitute or Raise Presumption of Fault – 2.08

12. Burden of Proof – 3.01 Modified

13. Instruction No. 13 – *Hannifan v. Am. Nat'l Bank of Cheyenne*, 185 P.3d 679 (Wyo. 2008).

14. Co-Employee Liability – 8.17 Modified

15. Cause – Defined – 3.04

16. Measure of Damages – Personal Injury – 4.01

17. No Evidence of Dollar Estimate Required – 4.02

18. Present Value of Future Losses – 4.05

19. Punitive Damages – Phase I – 4.06

20. Punitive Damages – Phase II – 4.06A Modified

21. Mitigating Damages – 4.08

## GENERAL INSTRUCTIONS BEFORE OPENING STATEMENT

As we begin, I want to tell you some things about the trial process and your role in it.  At the end of the trial, I will read more detailed instructions on the law you must apply to this case and, at that time, you will be given written copies of all instructions.

There are a few general rules of conduct that you must follow:

First, keep an open and attentive mind throughout the trial.  Do not make up your mind until you have heard all of the evidence, my instructions on the law, and the argument of counsel.  Until the case is submitted to you for decision, do not discuss it, even among yourselves, and do not permit others to discuss it in your presence.  Should anyone try to discuss the case with you, please tell a bailiff.

Second, do not talk to the attorneys, parties, or witnesses at all.  Further, you shall not discuss this case with anyone, even your fellow jurors, family, and friends until you retire to deliberate.  These restrictions apply not only in the courtroom, but in all places and at all times, because such a conversation, even if innocent and unrelated to this case, could affect the outcome of the trial.  You must not use cell phones, Blackberries, the internet, and other tools of technology, including but not limited to iPad, iPhone, text messaging, Twitter, any blog or website, any internet chat room, or any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube to communicate with anyone about this case.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot communicate about the case with anyone else until you have returned a verdict and the case is at an end.

Third, avoid all news accounts of the trial in any media form.

Fourth, you must confine yourself to the evidence presented within the four walls of this courtroom so that the participants receive a fair trial. Do not conduct your own investigation. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you shall not consult dictionaries or reference materials; search the internet, including Google, Bing, other websites, search engines, or blogs; or use any other electronic tools to obtain information about this case or to help you decide the case. Not following these instructions may make a new trial necessary.

Finally, if you experience a personal problem, or are in doubt about your rights and duties, inform a bailiff who will tell me.

I have no doubt of your integrity. I tell you about these rules only to prevent unintentional acts that might require us to try this case again. Now I will turn to your role in the trial process.

The role of a jury is quite different from that of the judge. Your purpose in the trial is to determine the facts and, in our system, that duty is exclusively one for the jury. It is especially important that you are both diligent and conscientious in determining the facts because ordinarily there are no means to correct errors you might make in that regard. If, at any time, I make a comment regarding the facts or otherwise indicate how I might view the facts, it will be unintentional and you should totally disregard my comments or acts.

These instructions constitute the only law for your guidance in this case. You must accept and follow the law as instructed, even though you may disagree with it.

I want to return now to your fact-finding duties. You must determine the facts only from the evidence produced here in the courtroom. To do that, you may consider whatever I allow to be presented to you, for example:

1. the testimony of witnesses;

2. documents, photographs, charts, and other papers or things;

3. video or audio tape recordings; and

4. in-court demonstrations.

You must not decide this case upon information that you or other jurors may have received outside of the trial from any source, including but not limited, to radio, television, newspaper, internet, or third parties. However, in evaluating the evidence presented, you may rely upon your common sense and the general insights you have gained about human affairs as a result of your life experiences.

To save time, attorneys sometimes stipulate, that is agree, that certain things are true. You will be told of any stipulated facts and must accept them as proved. Also, if any party admits a fact to be true, you may consider that admission.

Occasionally, during the trial one party will object to evidence offered by another. I will then decide whether that evidence can be admitted for you to consider. I will admit lawful evidence but will exclude improper evidence. You are not to be concerned with the reasons for my rulings; whether evidence is admissible is a question of law. If I admit evidence over an objection, then you may consider it. But, by admitting it I do not determine the weight or value to be placed upon it - that is for you to decide. If I sustain an objection and refuse evidence, you must not guess as to what the evidence might have been or the reason for that objection. If a question is answered and I strike the answer, you must disregard the question and the answer and not consider them for

any purpose.  If, by a question, an attorney hints that certain things are or are not true, you should disregard that hint.  A question is not evidence and should be considered only to the extent that it supplies meaning to the answer.

You will decide which witnesses you believe and how much weight you assign to testimony.  A witness is any person, including a party, who testifies during the trial; it does not matter whether the testimony was in the courtroom or by deposition.  In deciding what you believe, you may consider anything about a witness which tends to prove or disprove truthfulness, including the following:

1. the conduct, attitude and manner of the witness while testifying;

2. the physical and mental capacity of the witness to have heard or seen that about which the testimony relates;

3. the ability of the witness to remember and tell you, here in court, what was heard or seen;

4. evidence, if any, of the reputation of the witness for honesty and truthfulness or for dishonesty and untruthfulness;

5. whether the witness has a bias, a prejudice, an interest in the outcome of the trial, or any other motive for not telling the truth; and,

6. whether the facts related are inherently believable or unbelievable.

In evaluating witness credibility, other facts are also important:

1. You should consider statements made by a witness at some other time or place that are either consistent or inconsistent with testimony given in this trial.

2. If a witness admits to untruthfulness at some other time, you may consider that admission but you should take into account all the circumstances surrounding it, for instance, whether

6

it was sworn statement, whether it was made under pressure, whether it was self-serving, and whether it was an important or merely a minor misstatement.

3. If you conclude that a witness has willfully lied under oath about any material fact in this case, you may distrust all of the testimony of that witness.  On the other hand, if you think the testimony, or some of it, is reliable, giving fair consideration to all the other evidence, you may accept what you find to be reliable.

Differences between one witness' testimony and that of others does not necessarily mean someone is untruthful.  Two persons who witness an incident may see or hear it differently.  In resolving differences in testimony, you should consider all the circumstances of the case and whether the discrepancy concerns an important fact or a trivial one.

You should not decide a fact based on the number of witnesses who testify about it.  The testimony of one witness you believe, giving fair consideration to all of the other evidence, is sufficient to prove any fact.

You must listen attentively.  You will not be provided a written transcript of the testimony.  During your deliberations, you will be expected to rely upon your collective recollection of the testimony.

The attorneys will take an active role in the trial.  They will make opening statements, question witnesses, make objections to evidence, and argue the case.  It is through them that evidence is produced for your consideration.  Their role is important in organizing evidence, presenting it in an orderly and logical manner, and in helping you understand their clients' positions.  Remember, the attorneys are advocates; it is their duty to present their clients' cases.  But the statements, questions and arguments of counsel are not evidence.

1760350.2

The attorneys will now make their opening statements.  They will not argue their case at this time but will tell you their position and give you a summary of the evidence they expect to present so that you can keep the case in perspective as the evidence is presented.

Authority:

- Wyo. R. Civ. P. 39.3
- Wyo. Civ. P. J.I 1.02

8

## <u>JURORS WILL BE PERMITTED TO TAKE WRITTEN NOTES DURING THE COURSE OF THE TRIAL</u>

Jurors will be permitted to take written notes during the course of the trial, and the court has provided each juror materials with which to take written notes.

Jurors are not required to take notes.  Whether or not a juror takes notes, each juror should rely upon his or her own recollection of the evidence and should not be influenced by the notes taken by other jurors.  Notes taken by a juror are not evidence—notes are only an aid to recollection, are not proof of any fact, and must not take precedence over a juror's independent recollection of the evidence received in the case. Notes are not entitled to any greater weight than the actual recollection or impression of each juror as to what the evidence actually is.

Any notes you take concerning this case should not be disclosed to anyone except other jurors during the jury's deliberations.  You may take your notes with you for use during some recesses and the jury's deliberations, but you are not allowed to take your notes out of the courthouse.  The court will collect your notes at times during the trial, and when the trial has concluded, the court will collect and destroy your notes, insuring that your notes remain private.

Authority:

- Wyo. R. Civ. P. 39.1.
- W.Cr.P.J.I. 1.10
- Wyo. Civ. P. J.I 1.02

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case - direct evidence and circumstantial evidence.  An example of direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is the proof of facts or circumstances from which the existence or non-existence of other facts may be reasonably inferred.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Both direct evidence and circumstantial evidence are acceptable forms of proof and should be given the weight you feel is appropriate in light of all the evidence.

Authority:

- *Blakely v. State,* 542 P.2d 857 (Wyo. 1975).
- *Alcala v. State*, 487 P.2d 448 (Wyo. 1971).
- Wyo. Civ. P. J.I 1.02C

1760350.2

# EXPERT TESTIMONY

A person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject about which he testifies.

An expert witness may offer opinions on questions regarding the issues in the case to assist you in deciding the issues.  You are not bound to accept an expert's opinion as conclusive, but should give it the weight to which you feel it is entitled.

In determining the weight, if any, to be given to an opinion, you may consider the qualifications of the expert, the credibility of the expert, the information upon which the opinion is based, and the reason for the opinion.  You may disregard any opinion if you find it to be unreasonable or not adequately supported.

Authority:

- *Hoy v. DRM, Inc*., 2005 WY 76, 114 P.3d 1268 (Wyo. 2005).
- *Bunting v. Jamieson,* 984 P.2d 467 (Wyo. 1999) (adopting the analysis provided in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)).
- *Matter of Krause,* 803 P.2d 81, 83 (Wyo. 1990).
- Wyo. R. Evid. 702.
- Wyo. Civ. P. J.I 1.02D

## OPINION TESTIMONY BY LAY WITNESS

In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider credibility, the extent of the witness's opportunity to perceive the matters upon which the opinion is based, and the reasons, if any, given for it.  You may disregard any opinion if you find it to be unreasonable or not adequately supported.

Authority:

- *Stone v. State*, 745 P.2d 1344 (Wyo. 1987).
- Wyo. R. Evid. 701.
- Wyo. Civ. P. J.I 1.02E

12

## JURORS NOT TO CONSIDER INSURANCE

Whether any party has insurance is irrelevant to the issues you must decide.  You are specifically instructed that you shall not consider any kind of insurance or other benefits during your deliberations on any issue.

Authority:
- Wyo. R. Evid. 411
- Wyo. Civ. P. J.I 1.02F

1760350.2

## **WRITTEN QUESTIONS BY JURORS FOR WITNESSES PERMITTED**

During this trial, you will be permitted to submit written questions for witnesses, if you have questions about the witnesses' testimony that have not been answered after the attorneys have finished questioning the witnesses.

We will use the following procedures to handle questions that you may have. After the attorneys have finished questioning each witness, I will ask the bailiff to collect a piece of paper from each of you. If you have no questions, please write "no questions" on the paper before folding it and giving it to the bailiff. If you have a question, write it down on the paper, fold it, and give it to the bailiff. The reason that I will ask each of you to submit a piece of paper, even if you have no question, is to protect the privacy of jurors who may wish to ask a question without being identified in open court as the source of that question.

I will review any questions that you submit with the attorneys. After I have done so, any questions that I find to be proper will be asked of the witness before the witness is excused, and the attorneys may then ask some follow-up questions.

I ask you to keep several important points in mind as you consider whether to submit a question for a witness:

1. You should reserve your questions for points that you believe to be important to your ability to decide the issues in this case fairly.

2. You must remember that your role in this trial is that of a neutral fact-finder, not an advocate for one side or the other. Accordingly, you should not use your questions to argue with a witness or to express opinions about a witness's testimony. The sole purpose of your questions is to permit you to clarify testimony that you have not understood or that has failed to address a factual question that you believe to be important.

14

3. Some questions that jurors submit may not be asked of the witness for a few possible reasons.  First, some questions are legally improper under our rules for jury trials, and I will not permit jurors (or attorneys) to ask those questions.  Second, some questions that jurors may propose may be answered by witnesses who will testify later in the trial.  In any event, you should not guess or draw inferences about what a witness's answer might have been to a question that was not asked.  It would be unfair to the parties for you to draw such an inference, because your inference may be wrong, and the parties have the right to have you decide this case on the basis of the evidence that you have heard, rather than on the basis of your guesses or speculation about matters on which you did not hear testimony.

Authority:

- This instruction was one of the recommendations of the Wyoming Commission of Jury System Improvement.  *See* 1 Wyo. L. Rev. 93 (2002).
- American Bar Assoc., Litigation Section, *Civil Trial Practice Standards*, 9-14 (Feb. 1998).
- Wyo. Civ. P. J.I 1.02G

15

## <u>GENERAL INSTRUCTIONS BEFORE FINAL ARGUMENT</u>

I will now read the last set of jury instructions to you; the instructions are the law you must apply.  It is your duty to follow the law as stated in all of the instructions and to apply the law to the facts as you find them from the evidence presented during the trial.

The attorneys may refer to the law in their closing arguments and it is entirely fitting they do so.  However, if there appears any difference between the law, as stated or implied by an attorney, and my instruction, you are to be governed by the instructions.  You may not be concerned with the wisdom of any rule of law; regardless of your opinion as to what the law ought to be, you must apply the law as instructed.

It is your responsibility to evaluate the evidence and determine the facts of this case.  In finding the facts, you must consider all of the evidence presented.  You may not assume, suppose, speculate, or otherwise guess to find a fact; however, you may draw reasonable inferences and conclusions from the evidence based upon your general knowledge, observations, and experience in the affairs of life.

The parties rely on each of you to exercise sincere and sound judgment in your deliberation. You should not be governed by sentiment, conjecture, sympathy, passion, prejudice, public opinion, or public feeling for or against any party.  You must consider the evidence, apply the law as instructed, and reach a just verdict regardless of the consequences.

Your attitude as you begin deliberation is important.  It is not useful for any juror to announce a firm decision upon entering the jury room.  You should decide only after free and full discussion of the evidence and upon careful and thoughtful deliberation.

During deliberation, I would encourage each of you to state your position and explain your reasoning.  You should consider the position and reasoning offered by others.  In the course of discussions, do not hesitate to re-examine your views.  You do not have to change your mind because others disagree, but you should keep an open mind.

When it comes time to vote, do so according to your best judgment, applying the law as instructed to the facts.  Always keep in mind that you are not partisans or advocates, but jurors.  Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

I have not intentionally emphasized any part of these instructions, even though I may have stated some of them in varying ways.  You are not to single out a certain instruction or part of an instruction and ignore the rest.  You must consider all the instructions as a whole and regard each in the light of all others.  The order in which the instructions are given has no significance.

When you retire to the jury room, you first will select one of your numbers to act as Jury Foreperson, who will preside over your deliberations and who will sign the verdict to which you agree.  When you have selected a Jury Foreperson, you will proceed to discuss the case and deliberate.  When you have reached your verdict, your Jury Foreperson should sign the Verdict Form and give it to the Bailiff.

Authority:

- Wyo. Civ. P. J.I 1.03

17

## **DUTY AS A JUROR**

Your verdict must represent the considered judgment of each juror.  Each juror must agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberation, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the sole purpose of returning a verdict.

You are not partisans.  You are judges - triers of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

Authority:

- *Hoskins v. State,* 552 P.2d 342, 344 (Wyo. 1976), *reh'g denied* 553 P.2d 1390, *cert. denied,* 430 U.S. 956 (holding that the "Allen"-type instruction given by the trial judge after the jury was deadlocked was not prejudicial error).
- *Elmer v. State,* 463 P.2d 14, 20-23 (Wyo. 1969), *cert. denied,* 400 U.S. 845, 91 S. Ct. 90, 27 L. Ed.2d 82, *reh'g denied,* 463 P.2d 375 (1970).
- *Nicolson v. State*, 157 P. 1013, 1015-16 (Wyo. 1916).
- Wyo. Civ. P. J.I 1.04

## **PREPONDERANCE OF EVIDENCE – DEFINITION**

"A preponderance of the evidence" is defined as the amount of evidence, taken as a whole, that leads the jury to find that the existence of a disputed fact is more probable than not.  You should understand that "a preponderance of the evidence" does not necessarily mean the greater number of witnesses or exhibits.

Authority:

- *In Re Torres*, 2011 WY 93, 253 P.3d 175 (Wyo. 2011).
- *In re Worker's Compensation Claim of Montoya*, 2009 WY 32, 203 P.3d 1083 (Wyo. 2009).
- *Ramos v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2007 WY 85, 158 P.3d 670 (2007).
- *Anastos v. General Chemical Soda Ash*, 2005 WY 122, 120 P.3d 658 (2005).
- *Avery v. State*, 2002 WY 87, 47 P.3d 973 (Wyo. 2002).
- *Schering v. Kilgore,* 599 P.2d 1352, 1359 (Wyo. 1979).
- *Northwest State Utilities Co. v. Ashton,* 65 P.2d 235, 238 (Wyo. 1937), *reh'g denied, Northwest States Utilities Co. v. Brouilette,* 69 P.2d 623 (Wyo. 1937).
- Wyo. R. Evid. 3.01.
- Wyo. Civ. P. J.I 2.03

## <u>INJURY DOES NOT CONSTITUTE OR RAISE PRESUMPTION OF FAULT</u>

The fact that damages or injury occurred is not, in itself, sufficient to show that any party was at fault.

Authority:

- *Vasquez v. Wal-Mart,* 913 P.2d 441 (Wyo. 1996).
- Wyo. Civ. P. J.I 2.08

20

**BURDEN OF PROOF**

In this action, Mr. Vincent has the burden of proving by a preponderance of the evidence all of the facts necessary to prove:

1. That Defendant Nelson acted with willful and wanton misconduct to cause Plaintiff Vincent physical harm or injury; and

2. that Defendant Nelson's willful and wanton misconduct caused the injuries and damages claimed to have been suffered by Les Butts in the amount claimed.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it.

Authority:

- *Hannifan v. Am. Nat'l Bank of Cheyenne*, 185 P.3d 679, 690 (Wyo. 2008).
- *Frost v. Allred*, 2006 WY 155, 148 P.3d 17 (Wyo. 2006).
- *Medlock v. Merrick,* 786 P.2d 881 (Wyo. 1990).
- *Hancock v. Stockmens Bank & Trust Co.*, 739 P.2d 760 (Wyo. 1987).
- *Goggins v. Harwood*, 704 P.2d 1282 (Wyo. 1985).
- *Energy Transp. Systems, Inc. v. Mackey*, 650 P.2d 1152 (Wyo. 1982).
- *Castor v. Rice,* 254 P.2d 189 (Wyo. 1953).
- *Northwest States Utilities Co. v. Ashton,* 65 P.2d 235 (Wyo. 1937).
- Wyo. Civ. P. J.I 3.01 – Modified

## DEGRESS OF NEGLIGENCE

In your deliberations, you should consider the following definitions:

### A. Ordinary Negligence

Ordinary negligence is the failure to use ordinary care. Ordinary care means the degree of care which should reasonably be expected of the ordinary careful person under the same or similar circumstances. The law does not say how such an ordinary careful person would act. That is for you to decide.

### C. Willful and Wanton Misconduct

Willful and wanton misconduct is the intentional doing of an act, or an intentional failure to do an act, in reckless disregard of the consequences and under circumstances and conditions that a reasonable person would know, or have reason to know that such conduct would, in a high degree of probability, result in harm to another.

Authority:
- *Hannifan v. Am. Nat'l Bank of Cheyenne*, 185 P.3d 679, 690 (Wyo. 2008).

## CO-EMPLOYEE LIABILITY

A co-employee is liable for injuries to another employee only if the co-employee acts intentionally to cause physical harm or injury to the injured employee. To act intentionally to cause physical harm or injury is to act with willful and wanton misconduct. Willful and wanton misconduct is the intentional doing of an act, or an intentional failure to do an act, in reckless disregard of the consequences and under circumstances and conditions that a reasonable person would know, or have reason to know, that such conduct would, in a high degree of probability, result in harm to another. In the context of co-employee liability, willful and wanton misconduct requires the co-employee to have:

a. Actual knowledge of the hazard or serious nature of the risk involved;

b. Responsibility for the injured employee's safety and work conditions; and

c. Willful disregard of the need to act despite awareness of the high probability that serious injury or death may result.

Authority:

- *Hannifan v. American National Bank of Cheyenne*, 2008 WY 65, 185 P.3d 679, 692, n.2 (Wyo. 2008).
- *Bertagnolli v. Louderback*, 2003 WY 50, 67 P.3d 627 (Wyo. 2003).
- Wyo. Stat. Ann. § 27-14-104(a).
- Wyo. Civ. P. J.I 8.17 – Modified

## **AGGRAVATING FACTOR – WILLFUL MISCONDUCT**

Willful misconduct does not arise merely from "a thoughtless, heedless or inadvertent act, or an error in judgment," it is "more than mere mistake resulting from inexperience, excitement or confusion ... or simple inattention," but it is "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."

The "aggravating factor" that distinguishes willful misconduct from ordinary negligence is the co-employee's "state of mind that approaches intent to do harm."

Authority:

*Loredo v. Solvay Am., Inc.*, 2009 WY 93, 212 P.3d 614, 627-28 (Wyo. 2009)
*Smith v. Throckmartin*, 893 P.2d 712, 714 (Wyo.1995

## <u>CAUSE – DEFINED</u>

An injury or damage is caused by an act, or a failure to act, whenever it appears from the evidence that the act, or failure to act, played a substantial part in bringing about the injury or damage.

Authority:

- *Lucero v. Holbrook*, 2012 WY 152, 288 P.3d 1228 (Wyo. 2012).
- *Glenn v. Union Pacific R. Co.*, 2011 WY 126, 262 P.3d 177 (Wyo. 2011).
- *Collings v. Lords*, 2009 WY 135, 218 P.3d 654 (Wyo. 2009).
- *Hannifan v. American Nat. Bank of Cheyenne,* 2008 WY 65,185 P.3d 679 (Wyo. 2008).
- *Foote v. Simek*, 2006 WY 96, 139 P.3d 455 (Wyo. 2006).
- *Killian v. Caza Drilling, Inc.¸* 2006 WY 42, 131 P.3d 975 (Wyo. 2006).
- *McMackin v. Johnson County Healthcare Center*, 2004 WY 44, 88 P.3d 491 (Wyo. 2004).
- *Anderson v. Duncan,* 968 P.2d 440 (Wyo. 1998).
- *Turcq v. Shanahan,* 950 P.2d 47 (Wyo. 1997).
- *Allmaras v. Mudge*, 820 P.2d 533 (Wyo. 1991).
- *Buckley v. Bell*, 703 P.2d 1089 (Wyo. 1985).
- Wyo. Civ. P. J.I 3.04

## **MEASURE OF DAMAGES – PERSONAL INJURY**

If you decide for the Plaintiff on the question of liability, you must fix the amount of money that will reasonably and fairly compensate the Plaintiff for those elements of damage proved by the evidence, taking into consideration the nature, extent, and duration of the injury.

The claimed elements of damage are:

a.  The pain, suffering, and emotional distress experienced as a result of the injuries

b.  Disability and/or disfigurement;

c.  Loss of enjoyment of life and any loss of enjoyment of life reasonably probable to be experienced in the future.  The award for this specific element should not duplicate the award given or any other element of damage;

d.  Loss of Earnings and Earning Capacity.  The value of time, earnings, profits, salaries lost to this date, and the present cash value of any earnings reasonably probable to be lost in the future, taking into consideration any lost earning capacity of the plaintiff;

e.  Medical expenses.  The reasonable expense of necessary medical care, treatment, and services received to date and any medical expense reasonably probable to be incurred in the future;

Whether any of these elements have been proved is for you to determine.

Authority:

- *Wyoming Medical Center, Inc. v. Murray,* 2001 WY 63, 27 P.3d 266 (Wyo. 2001).
- *Mariner v. Marsden*, 610 P.2d 6 (Wyo. 1980).
- Wyo. Civ. P. J.I 4.01

## <u>NO EVIDENCE OF DOLLAR ESTIMATE REQUIRED</u>

There is no formula the court can give you for the determination of damages for pain and suffering, emotional distress, loss of enjoyment of life, disability, disfigurement or any future damages as may be reasonably probable to arise.  It is not necessary that any witness shall have expressed any opinion as to the dollar amount of these damages.  Your award, if any, should be such sum as will fairly and adequately compensate the plaintiff.  Any amount awarded rests within your sound discretion and is for you to determine, taking into consideration the evidence in this case and from your knowledge, observation, and experience in life.  Any award should be for what damages are reasonable and just.

Authority:

- *Hopper v. All Pet Animal Clinic, Inc.*, 861 P.2d 531, 547 (Wyo. 1993).
- *Coulthard v. Cossairt*, 803 P.2d 86 (Wyo. 1990).
- *Hashimoto v. Marathon Pipe Line Co.*, 767 P.2d 158 (Wyo. 1989).
- *Buttrey Food Stores Div. v. Coulson*, 620 P.2d 549 (Wyo. 1980).
- *Mariner v. Marsden*, 610 P.2d 6 (Wyo. 1980).
- *Britton v. Booth*, 601 P.2d 532 (Wyo. 1979).
- *Hack v. Pickrell*, 515 P.2d 134 (Wyo. 1973).
- *Fitzsimonds v. Cogswell*, 405 P.2d 785 (Wyo. 1965).
- Wyo. Civ. P. J.I 4.02

## **PRESENT VALUE OF FUTURE LOSSES – ECONOMIC CONDITION**

In determining damages for medical expenses and loss of earnings, which will be incurred in the future, you must determine the present worth in dollars of such future damages.

A lump sum of money received today is worth more than the same sum paid in installments over a period of months or years because a sum received today can be invested and earn money at current interest rates.  By making a reduction for the earning power of money, your answer will reflect the present value in dollars of an award of future damages.

Authority:
- *Veys v. Applequist*, 2007 WY 60, 155 P.3d 1044 (Wyo. 2007).
- *Weaver v. Mitchell*, 715 P.2d 1361 (Wyo. 1986) (failure to give this instruction does not constitute error where expert witness reduces the projected loss of earnings to present value and explains this principle to the jury).
- *Borzear v. Anselmi*, 258 P.2d 796 (Wyo. 1952).
- Wyo. R. Evid. 702.
- Wyo. Civ. P. J.I 4.05

1760350.2

## MITIGATING DAMAGES

A person has the duty to take reasonable steps under the circumstances to reduce his injuries and damages.  Any damages resulting from a failure to take such reasonable steps cannot be recovered.

Authority:
- *Lewis v. Community First Nat. Bank, N.A.*, 2004 WY 152, 101 P.3d 457 (Wyo. 2004).
- *McWilliams v. Wilhelm*, 893 P.2d 1147 (Wyo. 1995).
- *Walters v. Michel*, 745 P.2d 913 (Wyo. 1987).
- *Wyoming Bancorporation v. Bonham*, 563 P.2d 1382 (Wyo. 1977).
- *Shidler v. Clayton Oil Co.*, 502 P.2d 987 (Wyo. 1972).
- Wyo. Civ. P. J.I 4.08

1760350.2

Respectfully submitted this 25th day of November, 2019.

s/James C. Worthen

James C. Worthen, Esq. (Atty. No. 6-3973)
Kenneth H. Lyman, Esq. (Admitted *Pro Hac Vice*)
HALL & EVANS, LLC
152 N. Durbin Street, Suite 404
Casper, WY  82601
Worthen:  (307) 277-8917
Lyman:    (303) 628-3396
Facsimile: (307) 514-2568
worthenj@hallevans.com
lymank@hallevans.com
**ATTORNEYS FOR DEFENDANTS**

1760350.2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to parties of record via electronic mail:

*Attorney for Plaintiff*
*Wesley Dale Vincent:*

C. John Cotton, Esq.
Cotton Law Office, P.C.
222 South Gillette Avenue, Suite 601
Gillette, Wyoming 82716
Email:  cottonlaw@vcn.com

*Attorneys for Plaintiff*
*Wesley Dale Vincent:*

T. Thomas Metier-#5-2631
R. Todd Ingram-#6-3910
Metier Law Firm
4828 S. College Avenue
Fort Collins, Colorado 80525
Telephone (970) 377-3800
Facsimile: (970) 225-1476
tom@metierlaw.com
todd@metierlaw.com

*s/Christine Jackson*
Christine Jackson, Legal Assistant
HALL & EVANS, LLC

1760350.2